T.C. Memo. 1998-462


UNITED STATES TAX COURT


PRESTON L. AND RUBY M. PAYTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5405-97.               Filed December 30, 1998.


Ruby M. Payton, pro se.

<u>Roger W. Bracken</u>, for respondent.


MEMORANDUM OPINION


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules

of Practice and Procedure.  Respondent determined the following

deficiencies, addition to tax, and accuracy-related penalties:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) | Accuracy-related penalty Sec. 6662(a) |
|------|-----------|----------------------|--------------------------|
| 1993 | $6,925 | $222 | $1,181 |
| 1994 | 7,953 | --- | 1,591 |

After concessions, the remaining issues for decision are:

(1) Whether petitioners are entitled to Schedules C deductions in

excess of the amounts allowed by respondent, (2) whether

petitioners are liable for an addition to tax under section

6651(a)(1) for taxable year 1993, and (3) whether petitioners are

liable for accuracy-related penalties under section 6662(a) for

taxable years 1993 and 1994.

Some of the facts have been stipulated and are so found.

Petitioners resided in District Heights, Maryland, at the time

their petition was filed.

During the taxable years at issue, petitioner Preston L.

Payton (Preston) was employed as a truck driver by Browning

Ferris, Inc., and petitioner Ruby M. Payton (Ruby) was employed

in the human resources department of the U.S. Postal Service.

During the taxable years at issue, petitioners also were engaged

in other businesses.  Preston was engaged in a hauling activity,

which consisted primarily of trash removal, light hauling, and

yard cleaning.  Ruby was engaged in the retail sales of beauty

and personal care products, principally aloe vera products from the Living Products company.  Petitioners reported the hauling activity and the retail sales activity on a single Schedule C for each of the taxable years 1993 and 1994.  Ruby also operated a rooming house during the taxable years at issue.  Petitioners purchased the rooming house on January 29, 1993.

The signature date of each petitioner on their 1993 return is June 4, 1994.  Petitioners' 1993 return was mailed to the Internal Revenue Service (Service) in an envelope bearing the date June 7, 1994.  The Service received petitioners' 1993 return on June 13, 1994.  Petitioners did not request an extension of the date to file their 1993 return.

Respondent, inter alia, adjusted petitioners' gross receipts, adjusted the costs of goods sold attributable to Ruby's business, and disallowed in whole or in part many Schedules A and C deductions.  Respondent disallowed some claimed expenses because it was not established that the expenses were paid or incurred during the taxable year, and that they were ordinary and necessary, or because it was not established that a business benefit could reasonably be expected as the result of incurring entertainment expenses.  Respondent also determined that petitioners were subject to self-employment tax.

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New

Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).
Taxpayers must substantiate any deductions claimed. Hradesky v.
Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821
(5th Cir. 1976). Section 6001 imposes upon every person liable
for any tax a duty to maintain records that are sufficient to
enable the Commissioner to determine the taxpayer's correct tax
liability. Sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows a deduction for the ordinary and
necessary expenses paid or incurred during the taxable year in
carrying on a trade or business. Only ordinary and necessary
business expenditures directly connected with or pertaining to
the taxpayer's trade or business are deductible from gross
income. Sec. 1.162-1(a), Income Tax Reg. Whether an expenditure
is ordinary and necessary is a question of fact. Commissioner v.
Heininger, 320 U.S. 467, 475 (1943).

When a taxpayer fails to keep records, but a court is
convinced that deductible expenditures were incurred, the court
may make as close an approximation as it can, "bearing heavily if
it chooses upon the taxpayer whose inexactitude is of his own
making." Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).
We cannot estimate deductible expenses, however, unless the
taxpayer presents evidence sufficient to provide some rational
basis upon which an estimate may be made. Vanicek v.
Commissioner, 85 T.C. 731 (1985).

Ruby testified that after the audit, and apparently during settlement negotiations, petitioners raised a new issue of whether they are entitled to deduct $8,028 in rental payments for taxable years 1993 and 1994. These amounts were not claimed as deductions on the Schedules C for those years despite the fact that numerous other deductions were claimed on the Schedules C. Ruby contends that she rented an apartment to promote her beauty sales business. Ruby claims that she used the apartment exclusively for product demonstration, sales, storage of beauty products, and to recruit new members to join the business. She also alleged that she held weekly meetings at the apartment. Ruby's main product line consisted of aloe vera juice, gels, and berry nectar.

After a review of the record, we find that petitioners are not entitled to rental deductions for 1993 or 1994. Aside from her self-serving testimony, the only other evidence Ruby introduced in support of her position consisted of copies of three 12-month apartment leases commencing on June 1, 1992, June 1, 1993, and June 1, 1994. Upon a review of the leases, we note that each of the three leases listed only Preston, and not Ruby, as the lessee. Moreover, Preston was the only signatory on the three leases. Two of the leases also provided that Preston would be the sole occupant of the apartment. (This line is blank on the June 1, 1993, lease.) All three leases provide that the

apartment "shall be used solely for private residential purposes." There is no evidence that Ruby was a party to any of the three leases or that she received any exception from the lessor to use the apartment for her business purposes.

We also observe that the addresses listed on Preston's and Ruby's 1994 Forms W-2 are different. No Forms W-2 for 1993 for either Preston or Ruby were in the record. Ruby explained that the address Preston used was a post office box and that it was not Preston's residence. However, Ruby admitted that the post office box is located near the apartment that Preston rented. We believe that Preston rented the apartment for his own personal purposes and not for Ruby's beauty sales business. Any purported use of the apartment by Ruby is not supported by the evidence in the record. Thus, we conclude that petitioners are not entitled to deduct rental payments in the amount of $8,028 for each of the years 1993 and 1994.

At trial, Ruby raised for the first time another new issue with respect to whether petitioners should be allowed to deduct the amounts of $4,140 and $4,460 for 1993 and 1994, respectively, for "other expenses" for casual labor incurred on behalf of Ruby's rooming house. Again, as to this second new issue, petitioners did not claim any such expenses for casual labor as deductions with respect to the rooming house on the Schedules C for either year at issue.

Ruby contends that the casual labor expenses were for general property maintenance and upkeep performed by Terry Hosley (Hosley). Hosley's purported duties included trash removal, cutting grass, shoveling snow, and raking and bagging leaves. Ruby contends that she paid Hosley $4,140 and $4,460 in cash for his services in 1993 and 1994, respectively. Yet, Ruby did not provide him with a Form 1099 for either year until 1 week before the trial of this case. Hosley confirmed that he did not receive a Form 1099 after the close of 1993 or 1994, respectively. Hosley admitted that he did not file a return for either 1993 or 1994 until sometime in 1998. We did not find Hosley to be a reliable witness.

Aside from Ruby's self-serving testimony and Hosley's unreliable testimony, there is no evidence in the record to support a finding that she paid Hosley $4,140 and $4,460 for his services in 1993 and 1994, respectively. Ruby failed to provide details regarding these expenses such as how often Hosley performed each of his purported duties or how much he was paid after each time he completed his duties. We have stated on many occasions that this Court is not bound to accept a petitioner's self-serving, unverified, and undocumented testimony. Tokarski v. Commissioner, 87 T.C. 74 (1986); Hradesky v. Commissioner, supra. With respect to the payments surrounding Hosley's purported duties, there is no basis upon which an estimate may be

made.  Vanicek v. Commissioner, supra.  More importantly, there is nothing in the record to evidence these claimed expenditures.  Accordingly, we conclude that petitioners are not entitled to deductions for "other expenses" for casual labor.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on time.  The addition equals 5 percent for each month that the return is late, not to exceed 25 percent.  Additions to tax under sections 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  "Reasonable cause" requires the taxpayers to demonstrate that they exercised ordinary business care and prudence.  United States v. Boyle, 469 U.S. 241, 246 (1985).  Willful neglect is defined as a "conscious, intentional failure or reckless indifference."  United States v. Boyle, supra at 245.

Ruby stated that "to the best of my knowledge, my tax return was filed on time."  No other testimony or evidence was offered to establish that it was timely filed.  The parties stipulated that petitioners did not request an extension of the date to file their 1993 return, that petitioners' 1993 return was mailed to the Service in an envelope bearing a postmark date of June 7, 1994, and that respondent received petitioners' 1993 return on June 13, 1994.  A copy of petitioners' 1993 return shows the signatory dates to be June 4, 1994.

On this record, we conclude that petitioners are liable for an addition to tax under section 6651(a)(1) for failure to timely file their 1993 return. Petitioners failed to establish that they timely filed their 1993 return. In fact, the stipulation is to the contrary. Petitioners did not establish that failure to timely file was due to reasonable cause and not willful neglect. Thus, petitioners are liable for the section 6651(a)(1) addition to tax for 1993.

Finally, we must decide whether petitioners are liable for accuracy-related penalties for 1993 and 1994. Section 6662(a) imposes an accuracy-related penalty in the amount of 20 percent of the portion of an underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. No penalty will be imposed with respect to any portion of any underpayment if it is shown that there was a reasonable cause for such portion and that the

taxpayer acted in good faith with respect to such portion.  Sec. 6664(c).

On the basis of this record, we conclude that petitioners are liable for accuracy-related penalties under section 6662(a). Petitioners claimed deductions to which they were not entitled. Petitioners also failed to provide any reasonable explanation or any credible evidence to substantiate their entitlement to the deductions.  In this regard, we find that petitioners' actions were not those of a reasonable and prudent person under the circumstances.  Accordingly, petitioners are liable for accuracy-related penalties under section 6662(a) for 1993 and 1994.

<u>Decision will be entered under Rule 155</u>.